UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: JOSEPH TARANGO,　　　　　　　　　　　　　　　　　　　No. 7-07-12829 JL

　　　Debtor.

SOUTHWEST FINANCIAL SERVICES OF
LAS CRUCES, INC.,

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Adversary No. 08-1027 J

JOSEPH TARANGO,

　　　Defendant.

## ORDER ESTABLISHING FACTS PURSUANT TO FED.R.CIV.P. 56(d)

　　　On January 7, 2010, this Court entered a Memorandum Opinion and Orders denying the parties' cross motions for summary judgment. *See* Docket Nos. 44, 45, and 46. At a status conference, held April 7, 2010, counsel for Plaintiff asserted that Plaintiff's Motion for Summary Judgment and supporting memorandum included a request pursuant to Fed.R.Civ.P. 56(d) to establish the facts not genuinely at issue for purposes of trial.[1] The Court directed counsel for the Defendant to file a memorandum within ten days identifying the issues for which he wanted to present further evidence at trial, and directed counsel for the Plaintiff to file a response within ten days thereafter. Defendant filed a Motion for Court to Clarify Factual Issues Outstanding for Purposes of Presenting Evidence at Trial ("Motion") on April 20, 2010, and Plaintiff filed a response thereto on April 27, 2010. *See* Docket No. 50 and Docket No. 51.

---

[1] Neither the Motion for Summary Judgment nor the supporting memorandum specifically references Fed.R.Civ.P. 56(d), or specifically requests that the Court specify facts not genuinely at issue that will be treated as established in this action, but cites generally to Fed.R.Civ.P. 56.

After consideration of the Motion and Plaintiff's response in light of Fed.R.Civ.P. 56(d) and applicable case law, the Court finds that the facts enumerated in the Undisputed Facts section of its Memorandum Opinion have been conclusively established for purposes of trial, but that evidence may be submitted by either party to establish any other facts relevant to any of the elements necessary to the determination of non-dischargeability of debts under 11 U.S.C. § 523(a)(2)(A).

DISCUSSION

Fed.R.Civ.P. 56(d), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056, provides, in relevant part:

> (1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The Court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue. The facts so specified must be treated as established in the action.
>
> Fed.R.Civ.P. 59(d).

The purpose of Fed.R.Civ.P. 56(d) is "to salvage some constructive result from the judicial effort expended in denying a proper summary judgment motion." *City of Wichita, Kan. v. U.S. Gypsum Co.,* 828 F.Supp. 851, 869 (D.Kan. 1993), *aff'd, in part, rev'd in part on other grounds,* 72 F.3d 1491 (10th Cir. 1996)(citing *Dalton v. Alston & Bird,* 741 F.Supp. 1322, 1336 (S.D.Ill. 1990)(remaining citations omitted). Once the Court has established the facts not subject to substantial controversy in accordance with Fed.R.Civ.P. 56(d), those facts are deemed to be established for purposes of trial on the remaining issues.

In this adversary proceeding, both parties moved for summary judgment, and the Court denied both motions. In issuing its Memorandum Opinion, the Court enumerated certain

2

undisputed facts and then made inferences therefrom in considering the elements necessary to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A). Both parties agree that the issue of intent, central to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A), has not been established and remains subject to further evidence to be presented at trial.

Defendant asserts that he should also be allowed to present additional evidence at trial on the remaining elements of Plaintiff's claim under 11 U.S.C. § 523(a)(2)(A): 1) whether Defendant made a false representation; 2) whether Plaintiff justifiably relied on the false representation; and 3) whether Plaintiff sustained a loss. Plaintiff contends that these three elements were conclusively established pursuant to the Memorandum Opinion, and that because Defendant did not produce sufficient evidence in defending the summary judgment that would create genuine issues of material fact as to these three elements, he should not be allowed to do so at trial. Under the circumstances present in this case, this Court disagrees.

It is possible to establish issues of fact or law in connection with a denial of summary judgment pursuant to Fed.R.Civ.P. 56(d).[2] In considering the cross-motions for summary judgment, the Court made certain inferences based on the facts enumerated in the Undisputed Facts section of its opinion to reach conclusions for purposes of deciding the motions for summary judgment. "Because of the nature of summary judgment (which is epitomized by the word 'summary'), the Court looks at evidence in support of (or opposition to) a motion for summary judgment differently than it looks at evidence offered at trial." *In re Tiger Petroleum*

---

[2]*See In re Asia Global Crossing, Ltd.,* 332 B.R. 520, 531 (Bankr.S.D.N.Y. 2005)(noting that a ruling pursuant to Rule 56(d) "may resolve issues of fact or law.")(citing 11 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 56.40 [2], at 56-281 (3d ed.2005)); *In re Hat,* 2007 WL 2580688, *8 (Bankr.E.D.Cal. Sept. 4, 2007)(stating that "Rule 56(d) permits the court to enter . . . a determination as to a single issue of law based on the undisputed facts . . .").

3

*Co.,* 319 B.R. 225, 234 (Bankr.N.D.Okla. 2004).  The Court does not weigh the evidence conclusively, but, instead, must construe the evidence in the light most favorable to each party opposing summary judgment. *Id.*

A party defending a motion for summary judgment need only raise one genuine issue of material fact as to any of the required elements necessary to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A).  Here, Defendant successfully raised a genuine issue of material fact as to the element of intent.  As to the reliance element, Defendant raised a legal argument.   In doing so, he may have forgone offering other factual evidence in defense of this element thinking that he could prevail as a matter of law.   His argument was not successful, but he should not be precluded from offering additional evidence at trial in defense of this element.  The other elements likewise should remain open to further factual evidence to be presented at trial.

Fairness dictates that the Court should not deem facts to be conclusively established for trial in connection with the denial of summary judgment where the facts are of a type reasonably susceptible to being disputed on the presentation of additional evidence and the opposing party wishes to present such additional evidence, particularly when the party asserting that such facts should be deemed established did not put the opposing party on sufficient notice of its request under Rule 56(d).  Plaintiff did not include a specific request under Fed.R.Civ.P. 56(d) as part of its motion for summary judgment.   Defendant likewise did not include a specific request pursuant to Fed.R.Civ.P. 56(d) in his cross-motion for summary judgment

As noted by the District Court in *Scottsdale Ins. Co. v. McReynolds,* 2009 WL 2476687 (D.Kan.  August 12, 2009),

> Absent a clear request in the summary judgment motion to find that specific facts are established as a matter of law, the opposing party may choose to defend the summary

4

motion merely by presenting evidence sufficient to show an issue of fact on some other element of the plaintiff's claim . . . which is sufficient to defeat a request for summary judgment on the claim as a whole.

*Scottsdale Ins. Co. v. McReynolds,* 2009 WL 2476687, at *4 n.1.

Further, even where the court has enumerated uncontroverted facts pursuant to Fed.R.Civ.P. 59(d) in an effort to streamline the trial, "[t]he court retains full power to make one complete adjudication on all aspects of the case when the proper time arrives." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, Vol. 10B, §2737 (1998) (citing *Woods v. Mertes,* 9 F.R.D. 318 (D.Del. 1949)).[3]

Based on the cross-motions, the Court identified thirty-one undisputed facts which shall be deemed established for purposes of trial.[4] Those facts are enumerated in the Undisputed Facts section of the Court's Memorandum Opinion. To the extent the Court's discussion contained findings or conclusions relating to the elements necessary to the claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A), those findings or conclusions should not be treated as facts established for purposes of trial under Fed.R.Civ.P. 59(d). Only the enumerated undisputed facts contained in the Court's Memorandum Opinion have been as established under Fed.R.Civ.P. 56(d).

Based on the foregoing, the Court will not treat as conclusive the following statements contained in the Memorandum Opinion: 1) that Defendant's representation that he was the

---

[3] *See also, Audi Vision Inc. v. RCA Mfg. Co.,* 136 F.2d 621, 625 (2nd Cir. 1943)(acknowledging that an order issued pursuant to Rule 56(d) is "expressly subject to modification 'at the trial to prevent manifest injustice' . . . . [so that] the court will have retained full power, as it should, to make one complete adjudication on all aspects of the case when the proper time arrives.").

[4] *See In re Machinery, Inc.,* 287 B.R. 755,760 (Bankr.E.D.Mo. 2002)("If the movant fails to establish that it is entitled to judgment as a matter of law under Rule 56(c) but does establish that there are no genuine issues of fact as to some of the issues in the case, the Court may . . . enter an order establishing what issues are without substantial controversy.")(citation omitted); *In re Sonicraft, Inc.,* 238 B.R. 409, 414 (Bankr.N.D.Ill. 1999)(noting that "[u]nder Rule 56(d), this Court may specify the facts that appear without substantial controversy.")(citing Wright, Miller & Kane, Fed. Prac. & Proc. §2737).

5

borrower by signing the loan documents constituted a false representation; 2) that Plaintiff's reliance on that misrepresentation was justifiable; and 3) that the evidence was sufficient to establish that Plaintiff sustained a loss contained.[5]

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, in part. All enumerated undisputed facts specifically identified as such in the Court's Memorandum Opinion are established for purposes of trial. Plaintiff and Defendant will be permitted to introduce evidence at trial to establish any other facts to support or negate any of the elements necessary to a determination of non-dischargeability under 11 U.S.C. § 523(a)(2)(A).

                                                  /s/ Robert H. Jacobvitz

                                                  ROBERT H. JACOBVITZ
                                                  United States Bankruptcy Judge

Date entered on docket: May 21, 2010

COPY TO:

James A. Askew
Attorney for Plaintiff
201 Third Street NW, Suite 505
Albuquerque, NM 87102

R. "Trey" Arvizu III
Attorney for Defendant
P.O. Box 1479
Las Cruces, NM 88004

---

[5] *Cf. McReynolds,* 2009 WL 2476687 at * 4 (finding that where the court did not grant partial summary judgment, but denied the motions in their entirety, the court's determination in its summary judgment ruling that the defendant breached the cooperation clauses contained in the insurance contract did not conclusively establish such breach as a matter of law for purposes of trial).

6